# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 09/07/2021 10:20 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

Case 2:21-cv-08201-DMG-KS   Document 1-3   Filed 10/15/21   Page 2 of 20   Page ID #:24

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Teresa Beaudet

Kevin A. Lipeles (Bar No. 244275)
Thomas H. Schelly (Bar No. 217285)
LIPELES LAW GROUP, APC
880 Apollo St., Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Fax: (310) 322-2252

Attorney for Plaintiff,
Nabor Cervantes Nieto

# SUPERIOR COURT OF THE STATE OF CALIFORNIA,
## COUNTY OF LOS ANGELES

| | |
|---|---|
| NABOR CERVANTES NIETO, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>HD SUPPLY MANAGEMENT, INC., a Florida corporation; JESSE QUINTANILLA, an individual; RUBEN DOE, an individual; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.: 21STCV32877<br><br>**COMPLAINT FOR:**<br><br>1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §12940, et seq;**<br>3. **RETALIATION IN VIOLATION OF LAB CODE §246.5, et seq;**<br>4. **DISABILITY DISCRIMINATION;**<br>5. **FAILURE TO PREVENT DISCRIMINATION;**<br>6. **HARASSMENT DUE TO DISABILITY;**<br>7. **HOSTILE WORK ENVIORNMENT IN VIOLATION OF GOVT. CODE §12940 ET SEQ.**<br>8. **FAILURE TO ACCOMMODATE PHYSICAL DISABILITY IN VIOLATION OF GOV. CODE §12940(m);**<br>9. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV. CODE §12940(n);**<br>10. **NEGLIGENT HIRING, SUPERVISION, AND RETENTION;**<br>11. **REFUSAL TO PROVIDE INFORMATION IN VIOLATION OF LABOR CODE SECTION 1198.5;** |

12.  **INJUNCTION TO COMPEL PRODUCTION OF EMPLOYMENT RECORDS;**
13.  **UNFAIR COMPETITION**

**AND DEMAND FOR JURY TRIAL**

Plaintiff Nabor Cervantes Nieto hereby brings this Complaint and alleges as follows:

**I.   PARTIES**

1. Plaintiff Nabor Cervantes Nieto is and, at all times relevant to the matters alleged herein, has been over the age of 18 and a resident of Los Angeles County.

2. Plaintiff is informed and believes and thereon alleges that Defendant HD Supply Management, Inc. is a corporation organized pursuant to the laws of the State of Florida, is authorized to do business and is doing business in the State of California.

3. Plaintiff is informed and believes and thereon alleges that Defendant Jesse Quintanilla is an individual who, at all times relevant to the matters alleged herein, has been a resident of Los Angeles County.

4. Plaintiff is informed and believes and thereon alleges that Defendant aRuben Doe is an individual who, at all times relevant to the matters alleged herein, has been a resident of Los Angeles County.

5. Defendants HD Supply Management, Inc., Jesse Quintanilla, Ruben Doe and Does 1 through 100 are sometimes collectively referred to as "Defendants."

6. Defendants HD Supply Management, Inc. and Does 1 through 100 are sometimes collectively referred to as "Employers."

7. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 100, inclusive, and therefore Plaintiff sues these defendants by such fictitious names and capacities. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that at all times relevant, each of these fictitiously named DOE Defendants was an individual person who owned, controlled, or managed the business for which Plaintiff worked

1  and/or who directly or indirectly exercised operational control over the wages, hours, and
2  working conditions of Plaintiff. These DOE Defendants held ownership, officer, director and/or
3  executive positions with the remaining Defendants, and acted on behalf of the remaining
4  Defendants, which included decision-making responsibility for, and establishment of, illegal
5  payroll practices and policies for Defendants which have damaged Plaintiff and others similarly
6  situated. Therefore, Employers are "employers" as a matter of law and personally liable on the
7  causes of action alleged herein pursuant to California wage and hour laws and regulations as
8  alleged herein.

9        8.      Plaintiff is informed and believes and thereon alleges that at least some of the
10  Defendant DOES 1 through 100 are, and at all times relevant hereto were, persons, corporations
11  or other business entities organized and existing under and by virtue of the laws of the State of
12  California, and are/were qualified to transact and conduct business in the State of California,
13  and did transact and conduct business in the State of California, and are thus subject to the
14  jurisdiction of the State of California. Specifically, said DOES 1 through 100 maintain offices,
15  operate businesses, employ persons, and conduct business in, and illegally pay employees by
16  illegal payroll practices and policies in the County of Los Angeles.

17        9.      Plaintiff is informed and believes and thereon alleges, that at all times relevant
18  herein, Defendants and some of DOES 1 through 100 were the agents, employees, and/or
19  servants, masters, or employers of the remaining DOES 1 through 100, and in doing the things
20  herein alleged, were acting within the course and scope of such agency or employment, and
21  with the approval and ratification of each of the other Defendants.

22        10.     Plaintiff is informed and believes and thereon alleges that at all times relevant,
23  Employers established the wages, hours and other terms and conditions of Plaintiff's
24  employment to such a degree that Plaintiff was their employee.

25        11.     An employer or other person acting on behalf of an employer, who violates, or
26  causes to be violated, a provision regulating minimum wages or hours and days of work in an
27  order of the Industrial Welfare Commission may be held liable as the employer for that
28  violation. (Lab. Code §558.1(a).) The term "other person acting on behalf of an employer" is

1   limited to a natural person who is an owner, director, officer, or managing agent of the
2   employer, and the term "managing agent" has the same meaning as in C.C.P. §3294(b). (Lab.
3   Code. §558.1(b).)

4        12.     Plaintiff is further informed and believes, and thereon alleges, that each of the
5   fictitiously named Defendants aided and assisted the named Defendants in committing the
6   wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each
7   defendant.

8   **II.    FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9        13.     Starting in August 2019 and ending May 5, 2021, Employers employed Plaintiff
10  as a machine operator for Employers' business located at 21651 Baker Parkway, City of
11  Industry, California 91789 at an hourly rate of $14.00.

12       14.     On May 14, 2020, Plaintiff was injured at work. His right foot bent and he hurt
13  his right knee and meniscus. Plaintiff suffered this injury as a result of cumulative trauma from
14  repetitive movement that included picking up and transferring heavy boxes to different work
15  areas. Plaintiff's medical provider placed him on light duty work restrictions which included
16  not lifting more than 5 pounds and limited walking.

17       15.     In May 2020, Employers kept asking Plaintiff when he would be able to return
18  without light duty work restrictions. Plaintiff told them he could not return without restrictions
19  until released by the doctor.

20       16.     In May 2020, Plaintiff was harassed by his supervisor defendant Jesse
21  Quintanilla. He was pressured to keep up the same production level as other employees even
22  though he was injured. Mr. Quintanilla harassed him when he left to go to doctor's
23  appointments. He accused Plaintiff of making up excuses to avoid working.

24       17.     Plaintiff was also harassed due to his work restrictions by lead defendant Ruben
25  Doe. After he was placed on light duty, Ruben stared aggressively at Plaintiff. Ruben began
26  micromanaging Plaintiff.

27       18.     These harassing comments and actions were unwelcome, humiliating and
28  offensive and adversely affected the terms of Plaintiff's employment. Plaintiff was subjectively

4

offended by Employers' conduct and any reasonable person in Plaintiff's position would perceive Employers' conduct as being offensive, hostile and abusive. Employers created a hostile work environment due to disability discrimination.

19.     Due to his disability, Plaintiff suffered from physical limitations and was, therefore, a member of the class of persons protected from disability discrimination under Cal. Gov't Code §12940(a).

20.     With reasonable accommodation, Plaintiff was able to perform his essential job duties and was able to perform those duties in a manner that would not endanger his health or safety or the health or safety of others.

21.     Employers refused to discuss any reasonable accommodation or engage in any interactive process for Plaintiff's disability. On November 2, 2020, Employers falsely told Plaintiff that it could no longer accommodate Plaintiff's restrictions. Consequently, Plaintiff was forced to take a leave of absence despite the fact Plaintiff's restrictions remained the same.

22.     Human Resources wrongfully terminated him on May 5, 2021. This wrongful termination was in retaliation for Plaintiff requesting an accommodation and also due to discrimination against him for being disabled.

23.     Thereafter, on or about May 10, 2021, Plaintiff was required to have surgery to repair his torn meniscus after which he was placed off work to recover.

24.     At all times relevant herein, Industrial Welfare Commission ("IWC") Wage Order No. 9 (8 Cal. Code Regs. §11090), established minimum standards pertaining to the wages, hours, and working conditions for all persons employed in the "Transportation Industry... whether paid on a time, piece rate, commission, or other basis."

25.     On June 9, 2021, Plaintiff demanded in writing access to his employment records in accordance with California Labor Code §1198.5. Those records have not been produced and Plaintiff has been denied access to his records.

26.     On September 1, 2021, Plaintiff filed a California Fair Employment and Housing Act ("FEHA") claim. That same day, he obtained a Right to Sue letter regarding this matter from the Department of Fair Employment and Housing ("DFEH").

**FIRST CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy Against Employers)**

27.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this complaint.

28.     Plaintiff was Employers' employee as that term is defined and used pursuant to Cal. Lab. Code §2750, et seq., and Cal. Gov't. Code §12940, et seq., and common law.

29.     Employers illegally terminated Plaintiff from his employment because of his disability in violation of the public policy expressed in California law, including but not limited to *Tameny v. Atlantic Richfield Co. (1980) 27 Cal.3d 167.*

30.     As a proximate result of this wrongful termination in violation of public policy, Plaintiff was caused to suffer, and continues to suffer, from humiliation, anxiety, severe emotional distress, worry, and fear all to Plaintiff's general damage according to proof at the time of trial, but in an amount not less than $150,000.00.

31.     As a proximate result of this wrongful termination in violation of public policy, Plaintiff was caused to suffer special damages of lost wages according to proof at the time of trial, but in an amount not less than $87,360.00.

32.     Employers did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in Plaintiff's wrongful termination against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

33.     All actions of Employers were known, ratified and approved by the officers or managing agents of Employers. Therefore, Plaintiff is entitled to punitive or exemplary damages against the Employers in an amount to be determined at the time of trial.

**SECOND CAUSE OF ACTION**

**(Retaliation in Violation of Gov't Code §12940, et seq Against Employers)**

34.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this complaint.

35.     Employers' adverse actions taken against Plaintiff as set forth herein occurred in retaliation for Plaintiff's being injured at work and for having a subsequent medical condition. Such actions are and were unlawful, discriminatory and retaliatory in violation of *Cal. Gov. Code* §12940 et seq., and resulted in damages and injury to Plaintiff, as alleged herein, including but not limited to lost wages and benefits according to proof at the time of trial, but in an amount not less than $87,360.00.

36.     As a proximate result of this retaliatory conduct, Plaintiff was caused to suffer, and continues to suffer, from humiliation, anxiety, severe emotional distress, worry, fear, and special damages all to his special and general damage according to proof at the time of trial, but in an amount not less than $150,000.00.

37.     Employers did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in Plaintiff's wrongful termination, were obnoxious, despicable, and ought not to be suffered by any member of the community.

38.     All actions of Employers were known, ratified and approved by the officers or managing agents of Employers. Therefore, Plaintiff is entitled to punitive or exemplary damages against the Employers in an amount to be determined at the time of trial.

## **THIRD CAUSE OF ACTION**

### **(Retaliation in Violation of Cal. Lab. §246.5, et seq Against Employers)**

39.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this complaint.

40.     Employers' adverse actions taken against Plaintiff as set forth herein occurred in retaliation for Plaintiff's requesting paid sick time. Such actions are and were unlawful, discriminatory and retaliatory in violation of *Cal. Lab* §246.5 et seq., and resulted in damages and injury to Plaintiff, as alleged herein, including but not limited to lost wages and benefits according to proof at the time of trial, but in an amount not less than $87,360.00.

41.     As a proximate result of this retaliatory conduct, Plaintiff was caused to suffer, and continues to suffer, from humiliation, anxiety, severe emotional distress, worry, fear, and

1   special damages all to his special and general damage according to proof at the time of trial, but
2   in an amount not less than $150,000.00.

3       42.   Employers did the things hereinabove alleged, intentionally, oppressively, and
4   maliciously with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in
5   Plaintiff's wrongful termination, were obnoxious, despicable, and ought not to be suffered by
6   any member of the community.

7       43.   All actions of Employers were known, ratified and approved by the officers or
8   managing agents of Employers. Therefore, Plaintiff is entitled to punitive or exemplary
9   damages against the Employers in an amount to be determined at the time of trial.

10                       **FOURTH CAUSE OF ACTION**

11          **(Disability Discrimination – Gov. Code §12940, et seq. Against Employers)**

12      44.   Plaintiff realleges and incorporates by reference all the allegations set forth in
13   this complaint.

14      45.   Upon learning about Plaintiff's disability, and not wanting to accommodate him
15   regarding his disability, and not wanting a disabled employee, Employers terminated Plaintiff's
16   employment in violation of Cal. Gov't Code §12940.

17      46.   Plaintiff suffered from physical limitations as set forth above and was therefore a
18   member of the class of persons protected from disability discrimination under Cal. Gov't Code
19   §12940(a).

20      47.   Employers regularly employ five or more persons.

21      48.   Within one year from the date of the most recent act of discrimination, Plaintiff
22   filed a charge of disability discrimination with the DFEH and received a right to sue notice.

23      49.   As a direct and proximate result of the Employers' conduct, individually and
24   collectively, Plaintiff has suffered and continues to suffer substantial losses in income, earnings,
25   and benefits and has been damaged in his capacity to earn a salary, and he has lost and will
26   continue to lose employment benefits.

27      50.   Employers' disability discrimination acts against Plaintiff as set forth herein are
28   and were unlawful, discriminatory and retaliatory in violation of *Cal. Gov. Code* §12940 et seq.,

1 | and resulted in damages and injury to Plaintiff, as alleged herein, including but not limited to

2 | lost wages and benefits according to proof at the time of trial, but in an amount not less than

3 | $87,360.00.

4 |      51.    As a direct and proximate result of Employers' and each of their actions,

5 | Plaintiff has suffered severe and serious injury to his person, all to his damage in a sum within

6 | the jurisdiction of this Court and to be shown according to proof, but in an amount not less than

7 | $150,000.00.

8 |      52.    Employers' conduct in discriminating against Plaintiff because of his disability

9 | subjected him to cruel and unjust hardship in conscious disregard of his rights, as it was

10 | anticipated by Employers that Plaintiff would be unable to find comparable employment in the

11 | foreseeable future. Plaintiff is informed and believes, and thereon alleges, that his termination

12 | by Employers was done with the intent to cause him injury. As a consequence of the aforesaid

13 | oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive

14 | damages in a sum to be shown according to proof.

15 | **FIFTH CAUSE OF ACTION**

16 | **(Failure to Prevent Discrimination Against Employers)**

17 |      53.    Plaintiff realleges and incorporates by reference all of the allegations set forth in

18 | this complaint.

19 |      54.    Cal. Gov't Code §12940(k) provides that it shall be an unlawful employment

20 | practice for an employer to fail to take all reasonable steps necessary to prevent discrimination

21 | from occurring.

22 |      55.    Employers violated their duty under the FEHA by failing to take all reasonable

23 | measures to prevent discrimination against Plaintiff.

24 |      56.    As a direct, proximate, and legal result of Employers' failure to take preventative

25 | steps, Plaintiff suffered harm, including emotional distress in an amount not less than

26 | $150,000.00 and lost income, and Employers' conduct was a substantial factor in causing

27 | Plaintiff's harm.

28 |

57.     Pursuant to Cal. Gov't Code §12965, Plaintiff is entitled to recover against Employers the emotional distress and lost income directly caused by Employers' conduct, for attorney's fees and for costs.

58.     All actions of Employers were known, ratified and approved by the officers or managing agents of Employers. Therefore, Plaintiff is entitled to punitive or exemplary damages against the Employers in an amount to be determined at the time of trial.

## SIXTH CAUSE OF ACTION

### (Harassment Due to Disability Against All Defendants)

59.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this complaint.

60.     As set forth above, Plaintiff was continuously harassed and subjected to a hostile work environment by the actions, conduct and comments of Employers' employees, which actions, conduct and comments combined to create and allow a pattern of harassment towards him due to his disability. Defendants' actions constituted a continuing violation of Cal. Gov. Code §12940, et seq.

61.     Defendants negligently and in bad faith failed to properly investigate Plaintiff's claims of harassment and take appropriated remedial action, which caused and contributed to the existence of the hostile work environment as alleged herein.

62.     Defendants engaged in retaliatory actions against Plaintiff for complaining about and participating in the investigation of the above-referenced illegal conduct, in furtherance of the creation and maintenance of a hostile work environment. Because of his complaints about the illegal conduct as aforesaid, Plaintiff was subjected to unfair and hostile treatment by Defendants.

63.     All of the conduct by defendants was done with the full knowledge and ratification of the management employees of Employers and was consistent with the recognized policies and procedures of Employers, which tolerated and encouraged such harassing conduct.

64.     At all times herein mentioned, Defendants were legally required to refrain from discriminating against and harassing any employee on the basis of a disability. Within the time

1    provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with these

2    sections, and received a right to sue letter.

3          65.    Defendants' conduct resulted in the damages and injuries to Plaintiff as alleged

4    in this Complaint. As a direct and proximate result of the conduct of Defendants, Plaintiff has

5    suffered and continues to suffer humiliation, emotional distress, and mental and physical pain

6    and anguish, all to his damage in a sum according to proof, but in an amount not less than

7    $150,000.00.

8          66.    Defendants did the things hereinabove alleged, intentionally, oppressively, and

9    maliciously with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in

10   Plaintiff wrongful termination against public policy, were obnoxious, despicable, and ought not

11   to be suffered by any member of the community.

12         67.    All actions of Defendants were known, ratified and approved by the officers or

13   managing agents of Employers. Therefore, Plaintiff is entitled to punitive or exemplary

14   damages against Defendants in an amount to be determined at the time of trial.

15                            **SEVENTH CAUSE OF ACTION**

16   **(Hostile Work Environment in Violation Gov. Code §12940 et seq.- Against Employers)**

17         68.    Plaintiff realleges and incorporates by reference all of the allegations set forth in

18   this Complaint.

19         69.    The offensive conduct to which Plaintiff was subjected constitutes a hostile work

20   environment in violation to FEHA, Gov. Code §12940 et seq. During his employment,

21   Employers violated FEHA, Gov. Code §12940(j), by discrimination against and harassment of

22   Plaintiff due to his physical disability.

23         70.    Employers' discrimination and harassment were hostile, abusive, continuous and

24   pervasive and created a hostile work environment for Plaintiff.

25         71.    Employers' discrimination and harassment were unwelcome, humiliating and

26   offensive and adversely affected the terms of Plaintiff's employment.

27   //

28   //

11

72.     Plaintiff was subjectively offended by Employers' conduct and any reasonable person in Plaintiff's position would perceive Employers' conduct as being offensive, hostile and abusive.

73.     As a direct result of Employers' failure to take all reasonable steps necessary to prevent discrimination and harassment, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress, loss of earnings and earning capacity. Plaintiff is hereby entitled to general and compensatory damages in amounts to be proven at trial.

74.     Pursuant to Gov. Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

75.     All actions of Employers were known, ratified and approved by the officers or managing agents of Employers. Therefore, Plaintiff is entitled to punitive or exemplary damages against Employers in an amount to be determined at the time of trial.

## EIGHTH CAUSE OF ACTION

**(Failure to Accommodate Physical Disability in Violation of Gov. Code §12940(m) - Against Employers)**

76.     Plaintiff realleges and incorporates by reference the allegations set forth in this complaint.

77.     As alleged herein, Plaintiff requested that Employers make a reasonable accommodation for his physical disability so that he would be able to perform the essential job requirements.

78.     Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements.

79.     Employers refused said accommodation and refused to discuss any other potential reasonable accommodation they might afford to Plaintiff.

80.     By refusing to afford Plaintiff a reasonable accommodation, Employers violated *Gov. Code* §12940(m).

81.     As a direct and proximate result of Defendants' conduct, individually and collectively, Plaintiff suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his capacity to earn his salary, and he has lost and will continue to lose employment benefits.

82.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered severe and serious injury to his person, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof, but in an amount not less than $150,000.00.

83.     As a result of Employers' oppressive, malicious and despicable conduct, Plaintiff is entitled to recover punitive damages in a sum to be shown according to proof.

84.     Pursuant to *Gov. Code* §12965(b), Plaintiff requests an award of attorneys' fees in this action.

## NINTH CAUSE OF ACTION

### (Failure to Engage in a Good Faith Interactive Process in violation of Gov. Code §12940(n) - Against Employers)

85.     Plaintiff realleges and incorporates by reference the allegations set forth in this complaint.

86.     At all times hereto, FEHA, including in particular *Gov. Code* §12940(n), was in full force and effect and was binding on Employers. This subsection imposes a duty on Employers to engage in a timely, good faith, interactive process with an employee to determine reasonable accommodation, if any, in response to a request for a reasonable accommodation by an employee with a known physical disability or medical condition.

87.     At all relevant times, Plaintiff was a member of a protected class within the meaning of *Gov. Code* §12940(a) *et seq.* because he had a disability, due to injuries suffered, of which Employers had both actual and constructive notice.

88.     Plaintiff reported his disability to Employers, triggering Employers' obligation to engage in a good faith interactive process with Plaintiff, but at all times herein, Employers failed and refused to do so.

89.     Employers breached their statutory duty under FEHA to engage in a timely good faith interactive process to determine a reasonable accommodation for Plaintiff's physical disability. Plaintiff further alleges that: (1) that Employers were Plaintiff's employer; (2) that Plaintiff was an employee of Employers; (3) that Plaintiff sustained an injury that required reasonable accommodation and which injury was known to Employers; (4) that Plaintiff requested that Employers make reasonable accommodation for his injury and/or physical condition so that he would be able to perform the essential functions of his job requirements; (5) that Plaintiff was willing to participate in the interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements; (6) that Employers failed to participate in a timely good faith interactive process with Plaintiff to determine whether reasonable accommodation could be made; (7) that Plaintiff was harmed financially; and (8) that Employers' failure to engage in a good faith interactive process was a substantial factor in causing Plaintiff's damage and harm.

90.     The above acts of Employers constitute violations of the FEHA and were a proximate cause in Plaintiff's damages.

91.     As a direct and proximate result of Employers' violations of the FEHA, Plaintiff suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his capacity to earn his salary, and he has lost and will continue to lose employment benefits.

92.     Employers' failures to engage in the good faith interactive process as set forth herein are and were unlawful, discriminatory and retaliatory in violation of *Cal. Gov. Code* §12940 et seq., and resulted in damages and injury to Plaintiff, as alleged herein, including but not limited to lost wages and benefits according to proof at the time of trial, but in an amount not less than $87,360.00.

93.     As a direct and proximate result of Employers' actions, Plaintiff has suffered severe and serious injury to his person, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof, but in an amount not less than $150,000.00.

94. As a result of Employers' oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

95. Pursuant to *Government Code* §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs.

## TENTH CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention Against Employers)

96. Plaintiff realleges and incorporates by reference all of the allegations set forth in this complaint.

97. Upon information and belief, and at all times mentioned in this complaint, Employers, when hiring employees who job duties entailed supervising, managing, and administering subordinate employees and following California labor law and anti-discrimination laws, failed to conduct an adequate background check into the prospective employee's training and experience such that the people Employers hired were qualified or competent to undertake the responsibilities required when working their respective job positions.

98. Upon information and belief, and at all times mentioned in this complaint, Employers failed to verify that the prospective employees' assertions that they had sufficient education, training, and/or job experience and that their claimed experience, training, etc. was true and accurate. Also, upon information and belief, Employers failed to make sure that the prospective employees would be able to comply with California law, and they failed to make sure that the prospective employees would not discriminate against, harass, etc. other employees based upon their protected status (e.g., disability).

99. Upon information and belief and at all times mentioned in this complaint, Employers failed to train, or at a minimum train properly, those employees who would be responsible for supervising other employees such as Plaintiff. Employers failed to train their respective employees in how to make sure that their managers and supervisors would follow California law and that they would not discriminate, harass, etc. other employees based upon their disability.

100.    Upon information and belief and at all times mentioned in this complaint, Employers failed to discharge or terminate those employees who could not or would not follow California law and who engaged in discriminatory conduct.

101.    Employers breached their duty to exercise reasonable care and acted negligently and carelessly in the hiring, training, supervision, and retention of their supervisors, managers, or both by failing to give them proper training in following California law and refraining from engaging in discriminatory conduct.

102.    Consequently, Employers failed to take reasonable steps to protect Plaintiff from being harassed and wrongfully terminated.

103.    As a direct and proximate result of Employers' actions and omissions, individually and collectively, Plaintiff suffered and continues to suffer severe mental and emotional anguish, depression, anxiety, and fear.

104.    As a direct and proximate result of Employers' actions and omissions, Plaintiff suffered severe and serious injury to his person, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof, but in an amount not less than $150,000.00.

## ELEVENTH CAUSE OF ACTION

**(Refusal to Provide Information in Violation of Labor Code §1198.5 Against Employers)**

105.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this complaint.

106.    Plaintiff demanded in writing access to his employment records in accordance with California Labor Code §1198.5. Those records have not been produced and Plaintiff has been denied access to his records.

107.    As a proximate result of Employers' refusal and failure to provide employment records, Plaintiff has been required to retain legal assistance, and has incurred costs and expenses to exercise and enforce his statutory rights.

108.    Plaintiff requests a penalty be assessed against Employers in the sum of $750.00 pursuant to Labor Code §1198.5(k).

**TWELFTH CAUSE OF ACTION**

**(Injunction to Compel Production of Employment Records Against Employers)**

109.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this complaint.

110.    Plaintiff demanded in writing access to his employment records in accordance with Labor Code §1198.5. Those records have not been produced and plaintiff has been denied access to his records.

111.    As a proximate result of Employers' refusal and failure to provide employment records. Plaintiff has been required to retain legal assistance and has incurred costs and expenses to exercise and enforce his statutory rights.

112.    Plaintiff requires injunctive relief, as authorized by Labor Code §1198.5(l), to compel production of Plaintiff's employment records to Plaintiff.

113.    Plaintiff has been required to retain legal assistance and has incurred costs and expenses to exercise his statutory rights, Plaintiff requests an award of attorney's fees and court cost.

**THIRTEENTH CAUSE OF ACTION**

**(Unfair Competition Against Employers)**

114.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this complaint.

115.    Cal. Bus. & Prof. §17200 et seq. prohibits acts of unfair competition, which shall mean and include any "unlawful and unfair business practices."

116.    Defendants' conduct as alleged herein has been and continues to be unfair, unlawful, and deleterious to Plaintiff. Plaintiff hereby seeks to enforce important rights affecting the public interest within the meaning of the Cal. Code of Civ. Proc. §1021.5.

117.    Plaintiff is a "person" within the meaning of Cal. Bus. & Prof. Code §17204, and therefore has standing to bring this suit for restitution.

118.    The prompt payment of overtime is a fundamental public policy of the State of California. It is also the public policy of this State to enforce minimum labor standards, to

1  ensure that employees are not required or permitted to work under substandard and unlawful

2  conditions, and to protect those employers who comply with the law from losing competitive

3  advantage to other employers who fail to comply with labor standards and requirements.

4       119.    Through the conduct alleged herein, Defendants acted contrary to these public

5  policies and have thus engaged in unlawful and/or unfair business practices in violation of Cal.

6  Bus. & Prof. Code §§17200 et. seq., depriving Plaintiff of the rights, benefits, and privileges

7  guaranteed to employees under California law.

8       120.    Defendants regularly and routinely violated the California Fair Employment and

9  Housing Act (FEHA) statutes and regulations with respect to Plaintiff.

10       121.    By engaging in these business practices, which are unfair business practices

11  within the meaning of Cal. Bus. & Prof. Code §§17200 et seq., Defendants harmed Plaintiff and

12  gained an unfair competitive edge. Under Cal. Bus. & Prof. Code §17203, Plaintiff is entitled to

13  obtain restitution of these funds.

14  **PRAYER FOR RELIEF**

15      WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in his favor

16  and against Defendants, and each of them, as follows:

17      1.    For an award of consequential damages in Plaintiff's favor and against

18  Defendants, in an amount to be proven at trial, but in an amount not less than $87,360.00;

19      2.    For an award of general damages according to proof at the time of trial, but in an

20  amount not less than $150,000.00;

21      3.    For a preliminary and permanent injunction ordering Defendants to disclose

22  Plaintiff's payroll records;

23      4.    For reasonable costs, including attorneys' fees, in an amount according to proof

24  pursuant to Cal. Gov't Code §12965(b);

25      5.    For reasonable costs, including attorneys' fees, in an amount according to proof

26  pursuant to Cal. Code of Civ. Proc. §1021.5;

27      6.    That a penalty be assessed against Employers in the sum of $750.00 pursuant to

28  Labor Code §1198.5(k);

COMPLAINT

7.     For injunctive relief, as authorized by Labor Code §1198.5(l), to compel Employers to produce Plaintiff's employment records;

8.     For disgorgement of profits;

9.     For punitive and exemplary damages in a sum to be determined at trial; and

10.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Nabor Cervantes Nieto demands trial by jury in this action of all issues so triable.

LIPELES LAW GROUP, APC

Date: September 2, 2021

By: _____
     Thomas H. Schelly
     Attorneys of record for Plaintiff,
     Nabor Cervantes Nieto