UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-8201-DMG (KSx) | Date | October 20, 2021 |
|---|---|---|---|
| Title | *Cervantes Nieto v. HD Supply Management, Inc., et al.* | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On October 15, 2021, Defendant HD Supply Management, Inc. ("HD Supply") filed a notice of removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Notice of Removal ("NOR") [Doc. # 1]. The removal statute—28 U.S.C. § 1441(a)—is strictly construed against removal jurisdiction, and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)).

To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). Plaintiff Cervantes Nieto is allegedly a citizen of California. NOR at ¶ 11. While HD Supply alleges that it is a citizen of Florida and Georgia, it acknowledges that the Complaint alleges that co-Defendants Jesse Quintanilla and Ruben Doe are citizens of California. *Id.* at ¶¶ 14, 17. Thus, the parties are not completely diverse. HD Supply claims, however, that Quintanilla and Ruben were fraudulently joined, and so should be disregarded for purposes of establishing diversity jurisdiction.

In the Ninth Circuit, a defendant can demonstrate fraudulent joinder in two ways: by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation and internal quotation marks omitted). Generally, the "'presumption against fraudulent joinder'" means that proving that it has occurred is a "heavy burden" for the party invoking federal jurisdiction. *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter*, 582 F.3d at 1046). Indeed, if there is even "a *possibility* that a state court would find that the complaint states a cause of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-8201-DMG (KSx) | Date | October 20, 2021 |
|---|---|---|---|
| Title | *Cervantes Nieto v. HD Supply Management, Inc., et al.* | Page | 2 of 2 |

action against [the allegedly fraudulently joined] defendants, the federal court must find that the joinder was proper and remand the case to state court." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046). By contrast, where the "failure" of a plaintiff's cause of action against a defendant is "obvious according to the settled rules of the state, the joinder of [that] defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

HD Supply does not appear to have met its burden of showing that Quintanilla and Ruben were fraudulently joined. Plaintiff's Complaint asserts a claim for harassment due to disability against Quintanilla and Ruben in violation of California Government Code section 12940. *See* Compl. at ¶ 60 [Doc. # 1-3]. As to Quintanilla, Plaintiff alleges that "[i]n May 2020, Plaintiff was harassed by his supervisor defendant Jesse Quintanilla. He was pressured to keep up the same production level as other employees even though he was injured. Mr. Quintanilla harassed him when he left to go to doctor's appointments. He accused Plaintiff of making up excuses to avoid working." *Id.* at ¶ 16. As to Ruben, Plaintiff alleges that he "was also harassed due to his work restrictions by lead defendant Ruben Doe. After he was placed on light duty, Ruben stared aggressively at Plaintiff. Ruben began micromanaging Plaintiff." *Id.* at ¶ 17,

HD Supply argues that these allegations fail to state a claim because they are not "sufficiently severe or pervasive to 'alter the conditions of [the victim's] employment and create an abusive work environment." NOR at ¶ 22 (quoting *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 609 (1989)). But even if this were true, in order for a joinder to be fraudulent, there must be *no possibility* that any cause of action can be asserted against the defendant, such that Plaintiff would not even be afforded the opportunity to amend his Complaint. *See Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Here, even if the allegations currently pled are not sufficient, Plaintiff could still possibly fill in the gaps with additional allegations in an amended complaint that would be sufficient.

Because the possibility of cognizable claims against Quintanilla or Ruben would mean the Court lacks jurisdiction, HD Supply is hereby **ordered to show cause** by **November 2, 2021** why the Court should not remand the action to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.